# COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No.  35412-1-III |
| | ) | |
| Respondent, | ) | ORDER GRANTING |
| | ) | MOTION FOR |
| v. | ) | RECONSIDERATION, |
| | ) | WITHDRAWING |
| DALLIN D. FORT, | ) | OPINION FILED |
| | ) | FEBRUARY 26, 2019, |
| Appellant. | ) | AND REMANDING FOR |
| | ) | NEW RAP 9.10 HEARING |

Whereas, on October 29, 2018, we remanded this direct appeal to the trial court

for it to conduct a hearing and answer three questions that would assist in completing

the trial record.  These questions are set forth in the attached previous order.

Whereas, on November 8, 2018, the trial court conducted the requested hearing.

At the hearing, Dallin Fort was not represented by counsel, and he remarked as much.

The trial court permitted the hearing to proceed forward.  It thereafter entered written

findings of fact responsive to this court's questions.  Mr. Fort later argued to this court

he was denied his constitutional right to counsel at the November 8, 2018 hearing.

Whereas, on February 26, 2019, this court issued its unpublished opinion in this

matter.  Mr. Fort moved for reconsideration and again argued he was denied his

constitutional right to counsel at the November 8, 2018 hearing.  At our request, the

State responded to Mr. Fort's motion.

Whereas, we determine that the November 8, 2018 hearing was not ministerial, but instead was a critical stage of the proceedings, in that the written findings from the hearing would resolve a factual issue determinative of this direct appeal. Mr. Fort therefore had a constitutional right to have counsel present at the hearing. The absence of counsel constitutes structural error, and such error is not subject to harmless error analysis.

IT IS THEREFORE ORDERED

(1) Mr. Fort's motion for reconsideration is granted;

(2) This court's February 26, 2019 unpublished opinion is withdrawn;

(3) The trial court must conduct a new hearing to clarify/supplement the record in accordance with RAP 9.10, and enter written findings as requested in the attached prior order;

(4) Prior to the hearing, the trial court shall appoint counsel for Mr. Fort so he is represented at the hearing;

(5) Mr. Fort and both trial counsel shall appear at the hearing; and

(6) The procedures set forth in the attached prior order shall be followed.

PANEL:     Judges Lawrence-Berrey, Fearing and Pennell

FOR THE COURT:

*Lawrence-Berry, C.J.*

ROBERT LAWRENCE-BERREY
CHIEF JUDGE

2

COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35412-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | ORDER TRANSFERRING |
| v. | ) | APPEAL TO SUPERIOR |
| | ) | COURT FOR REFERENCE |
| DALLIN D. FORT, | ) | HEARING |
| | ) | |
| Appellant. | ) | |

Dalin Fort has appealed his convictions for two counts of rape of a child in the first degree. He argues the constitutional prohibition of double jeopardy barred the trial that led to his conviction. Specifically, he argues that in a previous trial, the court declared a mistrial for "good cause" rather than "extraordinary and striking circumstances."

The State responds that Mr. Fort has waived his challenge to the basis for this court's declaration of a mistrial. Specifically, the State argues that Mr. Fort moved for mistrial. In support of its argument, the State cites the October 7, 2017 order declaring mistrial. In that order, defense counsel approved language stating that "the parties moved the court for an order of mistrial."

The transcribed record, however, is silent in this regard. The transcribed record only shows:

The jury asked the court what it should do if it could not reach a unanimous verdict. In response, the court brought the jury into the courtroom and asked the foreperson, if given more time, whether there was a reasonable probability the jury could reach a unanimous verdict. The foreperson responded in the negative. The court then asked counsel if either had questions. Neither did. The court instructed the jury to return to the jury room where it would receive instructions. The court then went into recess.

The court then reconvened, and immediately began discussing with the attorneys possible trial dates. At some point, the order mentioned above was handed to the court and the court signed it.

There is no record of when the court discharged the jury. There is no record of any discussion about declaring a mistrial, or requesting input from the parties. There is no record of anyone actually moving for a mistrial. Because of this lack of a record, we might reasonably infer that the jury was discharged during the court's recess and there were no discussions between the court and counsel about declaring a mistrial. We would rather not infer from a lack of record.

Accordingly, IT IS ORDERED that this appeal is transferred to the Spokane County Superior Court for a reference hearing to be conducted within the purview of RAP 16.12, and the court shall enter written findings of fact as to the following questions:

1.      Precisely how and at what point was the jury discharged;

2.      Were there discussions between the court and counsel concerning declaring a mistrial that are not reflected in the transcribed record and, if so, what does each party contend was said, and what does the court find was said;

3.      If there were discussions off the record, who was present, and where did those discussions occur.

2

In addition to answering these three questions, the trial court may make such additional findings that are reasonably necessary to provide context concerning how the declaration of mistrial was entered, so as to avoid the necessity of an additional reference hearing. If the findings involve off-the-record discussions, the court should set forth what each party contends was said, and the trial court's findings as to what was said.

IT IS FURTHER ORDERED that the trial court shall file within 90-days of the date of this order, its written findings of fact on the questions set forth and on any other pertinent factual matters address by the parties. The appellant is thereafter directed to file a supplemental designation of clerk's papers to transmit said findings to the appellate court and a statement of arrangements for the preparation of a verbatim report of proceedings for the reference hearing held. Said record shall be provided to this court at public expense. Thereafter, this court will determine further disposition of Mr. Fort's Appeal.

Lawrence-Berrey, C.J.
ROBERT LAWRENCE-BERREY
CHIEF JUDGE

3